UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :
GLENN JOHNSON,                                      :
                                                    :      15cv403
                              Plaintiff,            :
                                                    :      OPINION & ORDER
            -against-                               :
                                                    :
CITY OF NEW YORK, et al.,                           :
                                                    :
                              Defendants.           :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  :

WILLIAM H. PAULEY III, District Judge:

          Glenn Johnson brings this federal civil rights action against the City of New York and five Correction Officers (collectively, "Defendants"), claiming violations of his Fourteenth and Eighth Amendment rights. Defendants move for summary judgment. Johnson filed no opposition. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

### BACKGROUND

          The incident at issue occurred at the George Motchan Detention Center on the morning of August 20, 2014. According to the Complaint, Johnson was walking to the prison intake area for a court appearance when Officer Dixon confronted him and demanded that he button his shirt. (Compl. at 3.) Johnson and Dixon exchanged words, at which point Johnson claims that Dixon "knock[ed] [Johnson's] legal work out [of] [his] hands" and two other officers subdued him using pepper spray. (Compl. at 3.) Johnson alleges that Officer Rodriguez "put his knee in [Johnson's] back" when Johnson was already on the ground, and that Officer Perry "spray[ed] [him] a second time in the face [with pepper spray] for no reason at all" while

Rodriguez handcuffed him.  (Compl. at 3.)  Finally, Johnson claims that Defendants denied him medical treatment for injuries sustained during the incident.  (Compl. at 3.)

Defendants' account asserts that Johnson, who suffers from mental illness, began "screaming and cursing" at them Dixon ordered Johnson to button his shirt and re-attach his identification card.  (See DeCastro Decl. (ECF No. 51), Ex. F ¶¶ 5–6.)  Rodriguez, the first responder to the incident, states that Johnson "began throwing papers that he had in his hand on the floor" and "swinging his arms at me in an attempt to strike me."  (DeCastro Decl., Ex. E ¶¶ 10, 12.)  The officers acknowledge the use of oleoresin capsicum spray ("OC," identified in the Complaint as "pepper spray") but maintain that this measure was necessary when Johnson "continued to throw punches" at the responding officers and "became more aggressive." (DeCastro Decl., Ex. D ¶¶ 12, 14.)  As to the medical treatment, Defendants assert that Johnson received proper care for his minor injuries when he was "decontaminated in the shower area" and later taken to the prison clinic.  (DeCastro Decl., Ex. G ¶ 5.)

## LEGAL STANDARD

Summary judgment is appropriate where the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party bears the burden of demonstrating the absence of any genuine dispute as to material fact.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  Once the moving party has made such a showing, the burden shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A genuine issue of material fact "exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's

favor." Beyer v. Cty. Of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)).  Conversely, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (internal citations omitted).  On a summary-judgment motion, the Court resolves all factual ambiguities and draws all inferences in favor of the non-moving party.  See Liberty Lobby, 477 U.S. at 255.

When a party is proceeding pro se, this Court has an obligation to "read [the pro se party's] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest."  Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  If a summary-judgment motion is unopposed, however, uncontroverted facts in the moving party's statement pursuant to Local Rule 56.1 are deemed admitted.  See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).  Furthermore, a pro se litigant's "'bald assertion, completely unsupported by evidence' is not sufficient to overcome a motion for summary judgment."  D'Attore v. City of New York, No. 10-CV-6466, 2013 WL 1180395, at *3 (S.D.N.Y. March 15, 2013) (quoting Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

DISCUSSION

I.        Excessive Use of Force

To establish an excessive-force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015).  "Objective reasonableness turns on the 'facts and circumstances of each particular case'" . . . and relevant considerations include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of

the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Kingsley, 135 S. Ct. at 2437 (quoting Graham v. Connor, 490 U.S. 386, 396 (1989). The relief available under an excessive-force claim "is nowhere nearly so extensive as that afforded by the common law tort action for battery," Anderson v. Sullivan, 702 F. Supp. 424, 426 (S.D.N.Y. 1988), and not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The focus of excessive-force analysis remains on the reasonableness of the force, however, and not the extent of the plaintiff's injuries. See Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has had the good fortune to escape without serious injury.").

    A. **Defendants Perry and Rodriguez**

The parties offer substantially conflicting accounts of the altercation between Johnson and Defendants Perry and Rodriguez (the officers who forcibly subdued Johnson). Johnson alleges that Perry and Rodriguez "became very abusive and aggressive" and subjected him to excessive physical force, including pepper spraying him multiple times "for no reason at all." (Compl. at 3.) Defendants maintain that Johnson was attempting to assault Perry and Rodriguez, and that their use of force in response was thus objectively reasonable. Defendants also argue that Johnson's alleged injuries are de minimis, citing to a report from the prison clinic on the day of the incident that Johnson was "asympt[o]matic." (DeCastro Decl., Ex. C at DEF 251.)

Construing the facts in the light most favorable to Johnson, as the Court must at the summary judgment stage, a genuine dispute of material fact remains as to whether Defendants' use of force was objectively reasonable. "[I]t is axiomatic that '[a]ssessments of

credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Ricks v. O'Hanlon, No. 07-CV-9849, 2010 WL 245550, at *6 (S.D.N.Y. Jan. 19, 2010) (quoting Rule v. Brine, Inc., 85 F.3d 10002, 1011 (2d Cir. 1996)). Defendants are not entitled to summary judgment simply because the officers' accounts and the medical records cast doubt on Johnson's claims. See Rossi v. Stevens, No. 04-CV-1836, 2008 WL 4452383, at *6 (S.D.N.Y. Sept. 30, 2008) (denying summary judgment because "Plaintiff's version of the incident is not limited by any fatal internal inconsistencies in his story, but primarily by the lack of corroboration of his testimony"). To the contrary, the "contrasting accounts" of the incident serve to highlight the "factual issues as to the degree of force actually employed and its reasonableness." Kerman v. City of New York, 261 F.3d 229, 239 (2d Cir. 2001).

It is uncontroverted that Perry and Rodriguez subdued Johnson using physical force and OC spray. (See DeCastro Decl., Ex. E ¶¶ 17–20 ("I then attempted to take hold of plaintiff by using an upper body hold . . . Plaintiff, Officer Perry, and I then ended up on the ground."); DeCastro Decl., Ex. D ¶¶ 11–16 ("I also took my [OC] out of its holster and sprayed plaintiff with one short burst . . . I then again attempted to take control of the situation by spraying plaintiff with another short burst of [OC] . . . plaintiff, Officer Rodriguez, and I were struggling on the ground.") The parties dispute whether Defendants' use of force was objectively reasonable. This issue is not fit for resolution on summary judgment. This case is not one of those "rare circumstance[s]" where the plaintiff's claims are "so replete with inconsistencies or improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint." See Jeffreys v. City of New York, 426 F.3d 549, 551–52 (2d Cir. 2005) (affirming summary judgment where plaintiff could

not identify any of the police offers who allegedly threw him out of a window and "on at least three occasions . . . confessed to having jumped out of the third-story window" while evading arrest). Johnson's excessive-force claims, thinly supported as they may be, are sufficient to survive summary judgment.  See Scott v. Coughlin, 344 F.3d 292, 290–91 (2d Cir. 2003) ("The credibility of [Plaintiff's] statements and the weight of contradictory evidence may only be evaluated by a finder of fact.").

    B.  **Defendant Dixon**

"To survive a motion for summary judgment, there must be some evidence of the personal involvement of each defendant in the alleged constitutional deprivation."  Ricks, 2010 WL 245550, at *4 (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).  As to Dixon, Johnson only alleges that she "became very abusive . . . [and] started arguing with me [and] then knock[ed] my legal work out [of] my hands."  (Compl. at 3.)  Johnson never claims that Dixon was personally involved in the use of force, and Defendants affirm that Dixon left the scene of the incident to escort other prisoners away once Defendants Rodriguez and Perry responded. (See DeCastro Decl. ¶ 24.)  Because "it is well established that verbal harassment and name-calling on the part of prison officials do not constitute actionable constitutional violations," there is no genuine dispute of material fact as to Dixon's personal involvement in any excessive-force incident.  Randle v. Alexander, 960 F. Supp. 2d 457, 472–73 (S.D.N.Y. 2013).  Accordingly, Johnson's excessive-force claims against Dixon are dismissed.

II.    Indifference to Serious Medical Needs

"Deliberate indifference to serious medical needs of prisoners" by prison officials "constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal citations omitted).  To make

out a deliberate-indifference claim, a plaintiff must satisfy both an objective and subjective test. See Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998). First, plaintiff must show that "his medical condition is objectively a serious one." Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003). On the subjective prong, plaintiff must demonstrate that the prison officials "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994).

"A condition constitutes a serious medical need under the Eighth Amendment if it is a 'condition of urgency, one that may produce death, degeneration, or extreme pain.'" Pabon v. Wright, No. 99-CV-2196, 2004 WL 628784, at *4 (S.D.N.Y. March 29, 2004) (quoting Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002). Examples of a sufficiently serious injury include "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." Chance, 143 F.3d at 72. Although the condition need not be life-threatening, it must be one "of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

The relatively minor nature of Johnson's injuries, coupled with Defendants' prompt response to his complaints, is fatal to his deliberate-indifference claims. Johnson claims that the incident caused "pain to [his] knee, back, lumps and bruises on [his] forehead" and "burning eyes" from the OC spray. (Compl. at 3.) He acknowledges, however, that he was taken to the shower "to flush [his] eyes out" and then to the prison clinic "to get treatment for [his] burning eyes and [his] asthma and pain medication for [his] head injuries." (Compl. at 3.) The only injury that could rise to the level of "death, degeneration, or extreme pain" is the

exposure to OC spray, and although this undoubtedly caused pain and discomfort, there is no dispute that Johnson received prompt and appropriate medical attention from prison staff. See Lewis v. Clarkstown Police Dept., No. 11-CV-2487, 2014 WL 1364934, at *7 (S.D.N.Y. March 31, 2014) ("[T]here was a basin in the cell with Plaintiff the entire time, such that he could rinse his face with water if necessary to remove the OC gel. The Court thus finds the record devoid of evidence that [Defendant] was deliberately indifferent to any temporary discomfort the OC gel may have caused."). Accordingly, Johnson's deliberate indifference to medical needs claims fail on the objective prong and are dismissed.

   III.   Municipal Liability

A city is subject to municipal liability for a constitutional violation if the plaintiff shows "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (citations omitted). The "official policy or custom" requirement is "intended to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decisionmakers." City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985). An "official policy" exists when the city has "implemented certain procedures through a 'policy statement, ordinance, regulation or decision.'" Campbell v. Ponte, No. 15-CV-8048, 2016 WL 3948103, at *4 (S.D.N.Y. July 19, 2016) (quoting Anthony v. City of New York, 339 F.3d 129, 139 (2d Cir. 2003). An unconstitutional "custom" is one that is so "persistent or widespread" that it constitutes a "custom or usage with the force of law." Patterson v. Cty. Of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). "A single incident of unconstitutional activity is not sufficient to impose [municipal] liability]," Claudio v. City of New York, 423 F. Supp. 2d 170, 172 (S.D.N.Y. 2006) (citations omitted), and the unsupported assertion that an official policy or

custom exists is insufficient to raise the required inference.  See Wrobleski v. Bellevue Hosp., No 13-CV-8736, 2015 WL 585817, at *3 (S.D.N.Y. Jan. 30, 2015) (citations omitted).

Here, Johnson has sued the City of New York but has not alleged any facts establishing the existence of an official policy or custom that caused the violations of his constitutional rights.  Because a municipality "may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees," Defendants are entitled to summary judgment on Johnson's municipal liability claims.  Curry v. City of Syracuse, 316 F.3d 324, 330 (2d Cir. 2003).

## CONCLUSION

Defendants' motion for summary judgment is granted in part and denied in part.  Johnson's claims for indifference to medical needs and municipal liability are dismissed, as are his excessive-force claims against Defendant Dixon.  Defendants' motion is denied as to Johnson's remaining claims.  The Clerk of Court is directed to close the motion pending at ECF No. 50.

Dated: December 16, 2016
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.