UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN JOHNSON,

                                    Plaintiff,

          -against-                                    Case No. 15-cv-00403 (WHP)

CITY OF NEW YORK, *et al.*,

                                    Defendants.

## JOINT PRETRIAL ORDER

Pursuant to Section VI(A) of the Court's Individual Practices and the Court's scheduling

Order, dated September 12, 2017, the parties hereby submit the following statements,

summaries, designations, information, and lists as constituting the Joint Pretrial Order in the

above-captioned case, of which the trial is scheduled to commence on October 16, 2017.

I.     **TRIAL COUNSEL**

Counsel who will try the case are as follows:

A.     For Plaintiff

       ARNOLD & PORTER
       KAYE SCHOLER LLP
       James S. Blank
       Gizele Rubeiz
       Kevin T. Sullivan
       250 West 55th Street
       New York, New York  10019
       (212) 836-8000 (Telephone)
       (212) 836-8689 (Facsimile)
       james.blank@apks.com
       kevin.sullivan@apks.com
       gizele.rubeiz@apks.com

      B.    <u>For Defendants</u>

      CORPORATION COUNSEL
      OF THE CITY OF NEW YORK
      Brian Francolla
      *Senior Counsel*
      Joseph Zangrilli
      *Assistant Corporation Counsel*
      New York City Law Department
      100 Church Street
      New York, New York  10007
      (212) 356-3527/2657 (Telephone)
      (212) 356-3509 (Facsimile)
      bfrancol@law.nyc.gov
      jzangril@law.nyc.gov

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.  The subject matter of the Court is not contested.

## III.    CLAIMS AND DEFENSES TO BE TRIED

      A.    <u>Plaintiff</u>

          1.    Defendant Correction Officers Saran Perry and Pedro Rodriguez used excessive force against Plaintiff Glenn Johnson on August 20, 2014, violating Mr. Johnson's right under the Due Process Clause of the Fourteenth Amendment to be free from the use of excessive force that amounts to punishment, and are therefore liable pursuant to 42 U.S.C. § 1983.

          2.    Mr. Johnson is entitled to actual and punitive damages as a result of Defendants' conduct.

      B.    <u>Defendants</u>

          1.    Any force used was objectively reasonable under the circumstances, and in the alternative, defendants are entitled to qualified immunity.

## IV.    JURY TRIAL

The parties agree that this case is to be tried by a jury.  The parties estimate that this case can be tried in two to three days.

V.      **TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial of the case before a magistrate judge.

VI.     **STIPULATIONS**

The parties have not agreed to any stipulations.

VII.    **LIST OF WITNESSES**[1]

      A.      <u>Plaintiff's Witnesses</u>[2]

             1.      Glenn Johnson

             2.      Correction Officer Terry Dixon

             3.      Defendant Pedro Rodriguez

             4.      Defendant Saran Perry

             5.      Correction Officer Shakiyna Espino

      B.      <u>Defendants' Witnesses</u>

      Defendants do not intend on calling any witnesses other than those listed by Plaintiff.  Defendants further reserve the right to designate additional witnesses, including impeachment and rebuttal witnesses.

VIII.   **DEPOSITION TESTIMONY**

At this time, neither party designates any deposition testimony for use at trial.

IX.     **EXHIBITS**

A list of Plaintiff's proposed exhibits is attached hereto as Exhibit 1.  Objections by the defendants are noted on Plaintiff's list.  Defendants have no additional exhibits to offer, but reserve the right to designate exhibits, including impeachment and rebuttal exhibits, should a valid basis to do so arise.

---

[1]     All of Plaintiff's witnesses will be testifying in person.

[2]     Defendants reserve their right to call any and all of plaintiff's witnesses listed above.

Dated:  October 12, 2017
         New York, New York

ARNOLD & PORTER                          ZACHARY W. CARTER
KAYE SCHOLER LLP                         Corporation Counsel of the
                                         City of New York


By: */s/ Kevin T. Sullivan*              By: */s/ Brian Francolla*
    James S. Blank                           Brian Francolla
    Kevin T. Sullivan                        *Senior Counsel*
    Gizele Rubeiz                            Joseph Zangrilli
    250 West 55th Street                     *Assistant Corporation Counsel*
    New York, New York  10019                New York City Law Department
    (212) 836-8000 (Telephone)               100 Church Street
    (212) 836-8689 (Facsimile)               New York, New York  10007
    james.blank@apks.com                     (212) 356-1000 (Telephone)
    kevin.sullivan@apks.com                  (212) 356-3509 (Facsimile)
    gizele.rubeiz@apks.com                   bfrancol@law.nyc.gov
                                             jzangril@law.nyc.gov


    *Attorneys for Plaintiff Glenn Johnson*      *Attorneys for Defendants Saran Perry and
                                             Pedro Rodriguez*


                                         SO ORDERED:


                                         _____
                                         Hon. William H. Pauley III, U.S.D.J.

4

## Exhibit 1 – Plaintiff's Exhibit List[123]

| Exhibit No. | Description |
| --- | --- |
| 1 | Photograph of GMDC Upper Corridor, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0952.JPG"[4] |
| 2 | Photograph of GMDC Upper Corridor, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0953.JPG" |
| 3 | Photograph of GMDC Upper Corridor, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0954.JPG" |
| 4 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0937.JPG"* |
| 5 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0938.JPG"* |
| 6 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0939.JPG"* |
| 7 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0942.JPG"* |
| 8 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0945.JPG"* |
| 9 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0946.JPG"* |

---

[1]   The parties have stipulated as to the authenticity of Exhibits 1-24 listed herein.

[2]   For exhibits with one asterisk (*), the parties have stipulated to admissibility.

[3]   Defendants reserve the right to use and/or introduce plaintiff's exhibits.

[4]   To the extent photographs of the corridor are listed for the sole purpose of displaying the cameras, defendants object pursuant to FREs 402 and 403 on relevance grounds, to the extent the exhibits would confuse the jury and unduly prejudice defendants by allowing for the improper inference that the altercation at issue would have been captured by the cameras when plaintiff has no good faith basis to suggest it was.

Plaintiff's Response:  The photographs are not listed for the sole purpose of showing the location of any video surveillance cameras.  The photographs show the area in question where the incident at issue occurred.  To the extent Defendants object to the introduction of any evidence or testimony concerning the video surveillance cameras shown in the photographs or any video surveillance cameras along the Upper Corridor of GMDC, Plaintiff respectfully refers the Court to pages 4-10 of his Reply Memorandum of Law in Further Support of his Motion *in Limine* (ECF No. 110), which addresses the issue.

| Exhibit No. | Description |
|:---:|:---|
| 10 | Photograph of Glenn Johnson, dated August 21, 2014, as produced by Defendants in the jpeg file named "DSCN0949.JPG"* |
| 11 | Defendant Rodriguez's Use of Force Report, dated August 20, 2014 (DEF 2638-39)[5] |
| 12 | Defendant Perry's Use of Force Report, dated August 20, 2014 (DEF 2630-31) |
| 13 | Correction Officer Espino's Use of Force Report, dated August 20, 2014 (DEF 2634-35) |
| 14 | Correction Officer Dixon's Incident Report Form, dated August 20, 2014 (DEF 2645-46) |
| 15 | Report and Notice of Infraction, dated August 20, 2014 (DEF 2640-42)[6] |
| 16 | Incident Report to DOC Central Operations Desk, dated August 20, 2014 (DEF 2564)[7] |

---

[5]   It is unclear to defendants what the relevance is of Plaintiff's Exhibits 11, 12, 13, and 14. All four individuals will be present to testify at trial about what happened and barring an appropriate basis to introduce any of the documents for impeachment purposes, it would seem to represent a waste of time with the potential to distract the jury. Notwithstanding, to the extent such evidence is introduced through a proper witness at an appropriate time and for a relevant purpose defendants would have no objection.

Plaintiff's Response:  The Use of Force Reports and Officer Dixon's Incident Report are relevant and may be introduced for purposes other than impeachment. They constitute the supposed official documentation completed by the correction officers involved in the incident at issue. Moreover, as explained in Plaintiff's Opposition to Defendants' Motions *in Limine*, how the reports were completed and the fact that it was done so in violation of DOC policy—which prohibits officer collaboration and requires completely independent accounts to be reported—bears on the credibility of the Defendants and the other non-party correction officer witnesses. *See* ECF No. 108 at 7; *see also* Pl.'s Reply in Further Supp. of Mot. *in Limine* at 3-4 (ECF No. 110).

[6]   See footnote #4. To the extent this document is deemed admissible, defendants would also object to it absent appropriate redactions consistent with the arguments set forth in **POINT VII** of Defendants' Memorandum of Law in Support of Their Motions *In Limine* and **POINT II** of Defendants' Opposition to Plaintiff's Motions *in Limine*.

Plaintiff's Response:  Plaintiff asserts that the document is relevant and not prejudicial, and that any redaction is unnecessary. Plaintiff respectfully refers the Court to pages 13-15 of his Opposition to Defendants Motions *in Limine* (ECF No. 108) and pages 2-4 of his Reply Memorandum in Further Support of his Motion in *Limine* (ECF No. 110), which further addresses the issue.

| Exhibit No. | Description |
|:-----------:|-------------|
| 17 | DOC Directive #5006R-C – Use of Force<br>(DEF 2680-97)[8] |
| 18 | DOC Directive #4510R-F – Chemical Agents<br>(DEF 2661-79) |
| 19 | DOC Investigation Division Audio Tracks of Correction Officers' Sworn Testimony, dated September 25, 2014<br>(DEF 2658)[9] |

---

Footnote continued from previous page

[7]  Defendants object to this exhibit pursuant to FREs 402, 403, 802 and 901.  The document contains a description of the incident conveyed from one non-party to another neither of whom had any personal knowledge of the incident.  It is unclear how plaintiff would establish a proper foundation and overcome the hearsay issue.  Moreover, to the extent this document appears to indicate that there was video surveillance, defendants have since clarified that it does not mean there was video surveillance of the incident.  In that regard, plaintiff has no good faith basis to suggest otherwise and to do so would be confusing to the jury and unduly prejudicial to the two individual defendants.

Plaintiff's Response:  Plaintiff contends that the document is excluded from the hearsay rule under Fed. R. Evid. 803(8).  Plaintiff continues to be puzzled by defense counsel's repeated assertion (indeed they have offered no actual witness) that an incident report that indicates "Video Surveillance: Yes" does *not* mean that there is video surveillance in connection with that incident.  Plaintiff respectfully refers the Court to pages 4-10 of his Reply Memorandum of Law in Further Support of his Motion *in Limine* (ECF No. 110), which addresses the issue further.

[8]  Defendants object to Plaintiff Exhibits 17 and 18 consistent with the arguments set forth in **POINT II** of Defendants' Memorandum of Law in Support of Their Motions *In Limine* and **POINT II** of Defendants' Reply Memorandum in Further Support of Their Motions *In Limine*.  Even if the Court were to rule that evidence of certain DOC regulations are admissible in some form, plaintiff certainly should not be permitted to introduce the documents setting forth the actual regulations.  Under such a scenario plaintiff's counsel can simply question the officers to whatever extent permissible and only use the corresponding documents to refresh a particular witness's recollection or impeach them should there be an appropriate basis.  Otherwise introducing the actual DOC regulations would waste time and distract the jury.

Plaintiff's Response:  Plaintiff respectfully refers the Court to pages 4-8 of his Opposition to Defendants' Motions *in Limine* (ECF No. 108), which addresses the issue raised by Defendants.

[9]  Defendants do not object to the playing of any portion of the audio recordings in the event plaintiff was to establish that such portion constituted an appropriate basis for impeachment.  Although under such a scenario defendants would request that plaintiff's counsel direct the Court and defense counsel to transcripts of the audio recording so that there could be a ruling as to whether there was in fact an appropriate basis for impeachment before the actual recording is played before the jury.  Absent an appropriate basis for impeachment, defendants object on the grounds that plaintiff's counsel has failed to designate what portions they seek to play on their case in chief.  Defendants further object to the extent live witnesses will be present to testify.  Last, defendants submit that the only admissible basis for playing the recording of Correction Officer Espino would be for impeachment purposes since she is a non-party thereby making the recording hearsay.

Footnote continued on next page

3

| Exhibit No. | Description |
| --- | --- |
| 20 | Glenn Johnson Medical Progress Note, dated August 20, 2014 (DEF 2611-13)* |
| 21 | Glenn Johnson Medical Progress Note, dated August 25, 2014 (DEF 2600-2602)* |
| 22 | Glenn Johnson Patient Summary, dated September 2, 2014 (DEF 2591-92)* |
| 23 | Glenn Johnson Medical Progress Note, dated December 23, 2014 (DEF 121-22) * |
| 24 | Glenn Johnson Medical Progress Note, dated January 7, 2015 (DEF 104-106)* |

---

Footnote continued from previous page

    <u>Plaintiff's Response</u>:  If used for impeachment purposes, Plaintiff will provide the Court and defense counsel with transcripts and the appropriate citation.  Plaintiff respectfully refers the Court to pages 13-15 of his Opposition to Defendants' Motions *in Limine* (ECF No. 108) which addresses the issue further.